# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

AL ZWARYCZ,

    Plaintiff,

v.

W.M. JORDAN, CO.

    Serve:

    Registered Agent
    John Lawson
    11010 Jefferson Avenue
    Newport News, Virginia 23601

    Defendant.

Civil Action No. 3:20-cv-00752

**COMPLAINT** - Age Discrimination in Employment Act Discrimination

**Jury Trial Demanded**

## COMPLAINT

Comes now the Plaintiff, AL ZWARYCZ (hereinafter "Plaintiff" or "Mr. Zwarycz"), and files this Complaint against Defendant, W.M. JORDAN COMPANY. (hereinafter "Defendant" or "W.M. Jordan"), and moves this Court for entry of judgement in his favor against the Defendant, as set forth herein:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages and injunctive relief pursuant to the Defendant's violations of the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.*, and to redress Defendant's deliberate and willfull unlawful employment discrimination against Plaintiff in violation of his federal rights.

2. This action against Defendant W.M. Jordan arises from Defendant's unlawful discrimination against and termination of Mr. Zwarycz on account of his age.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, the Eastern District of Virginia has proper subject matter jurisdiction over this matter as it is a question of federal law.

4. Specifically, this matter concerns the violation of the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.*,

5. The Eastern District of Virginia is the proper venue for this action pursuant to 28 U.S.C. § 1391(c)(2) as it is the District in which Defendant is incorporated and has a primary place of business at 11010 Jefferson Avenue, Newport News, Virginia 23601.

6. The Richmond Division of the Eastern District of Virginia is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1),(2) as the location at which the discriminatory practices were perpetrated, where the Plaintiff was employed by Defendant was the Defendant's Richmond Offices at 708 Bainbridge Street, Richmond, Virginia 23224, and is convienent to the parties and witnesses.

## PARTIES TO THIS ACTION

7. Plaintiff, Al Zwarycz, is an American citizen in the United States and a resident of Powhatan County, Virginia

8. At all times relevant to the allegations in this Complaint, Mr. Zwarycz was an employee of Defendant.

9. At all times relevant to the allegations in this Complaint, Mr. Zwarycz was employed at the Defendant's Richmond Office in Richmond, Virginia.

10. Defendant, W.M. Jordan Company is a corporation existing under and by virtue of the laws of the State of Virginia, organized in Virginia, with its principal place of business in Newport News, Virginia.

11. Defendant employs approximately three hundred (300) employees and is an employer as defined by the Age Discrimination in Employment Act ("ADEA"); 29 U.S.C. § 630(b).

## PROCEDURAL REQUIREMENTS

12. On July 22, 2020, Mr. Zwarycz filed a charge of age discrimination in violation of the ADEA with the Equal Employment Opportunity Commission ("EEOC"). Such charge was filed within one hundred eighty (180) days after the unlawful employment practices in violation of 29 U.S.C. §§ 621, *et seq.*, occurred.

13. The Complaint in this matter was filed with this Court after sixty (60) days having passed since Mr. Zwarycz filed a charge of Age Discrimination against Defendant with the EEOC.

14. Prior to the filing of this Complaint the EEOC has not instigated an action upon Plaintiff's charge or made an attempt to institute an action to enforce per 29 U.S.C. § 626.

15. Mr. Zwarycz has complied with the Age Discrimination in Employment Act administrative requirements 29 U.S.C. § 626 and, having met his procedural and administrative deadlines, has elected to bring the action privately and thus has exhausted all available administrative remedies prior to bringing this suit.

## FACTUAL ALLEGATIONS

16. Mr. Zwarycz was employed at Defendant from July 31, 2015 to June 11, 2020.

17. For the past five years Mr. Zwarycz has worked out of Defendant's Richmond Offices.

*Plaintiff is a Member of a Protected Class and Significantly Older than Similarly Situated Employees*

18. Mr. Zwarycz, in 2020, was fifty-seven (57) years old.

19. Mr. Zwarycz, when terminated, was the oldest Project Manager at the Richmond Office.

20. Mr. Zwarycz was, on average, fifteen (15) years older than the other project managers at the Richmond Office and was at least seven (7) years older than the next oldest project manager.

21. Similarly situated project managers at Richmond included Joe Menard, Ted Rother, Kim Gibson, Patrick Barbier, and Scott Brame. None of these other project managers were over fifty, and most were under forty years of age.[1]

*Plaintiff was Meeting Defendant's Standards of Performance, Billing Significant Hours, and Served as a Mentor to Younger Project Managers*

22. Mr. Zwarycz was a productive worker and was meeting all of Defendant's expectations at the time he was terminated.

23. W.M. Jordan's officers were impressed with the work ethic and talent that Mr. Zwarycz brought to the table, so much so that they wanted him to "mentor" the "younger" assistant project managers and team members.

24. Mr. Zwarycz served as a guide and mentor to the younger Assistant Project Managers at the Richmond Offices. (*See* **Exhibit A –** a handwritten note from the President of the Company).

---

[1] Another employee, Mr. Bob Baer, age fifty (50) has also been terminated from employment with W.M. Jordan, as another instance of Defendant clearing out the older employees.

4

25. Ron Lauster, the President of W.M. Jordan, praised Mr. Zwarycz for his work ethic, dedication, and continued mentorship of younger employees at the Richmond Office. **(***See* **Exhibit A).**

26. Mr. Zwarycz's success and dedication were well known at W.M. Jordan and he had been praised more than once by the company president. **(***See* **Exhibit B –** a handwritten note from the president of the company).

27. Over the course of 2020, Mr. Zwarycz had been taking on more responsibilities and was at times flooded with work.

28. Mr. Zwarycz had seen no reduction in work or productivity over the course of 2019-2020.

29. At the time he was wrongfully terminated, Mr. Zwarycz was working on a project worth an estimated ninety three million dollars ($93,000,000).

30. Only forty percent (40%) of the project above had been billed and completed at the time Mr. Zwarycz was terminated.

31. There was no reduction in work in the Richmond Office position that Mr. Zwarycz occupied, nor was a reduction in work expected at the time he was terminated. In fact, Mr. Zwarycz and his team had regularly indicated to upper management that they were in need of more workers given the scope of the project.

### *Defendant Begins to Execute a Scheme of Forcing Out Older Employees*

32. In April 2020, Defendant began a systematic reduction of its work forces' oldest employees.

33. In June 2020, Mr. Zwarycz received—as part of a companywide email—a notification that four (4) of the oldest members of the company were retiring.

34. Mr. Zwarycz subsequently discovered, through an email response from one of the supposed "retirees," Mr. T. Wayne Birdsong, that they were being forced out of W.M. Jordan and that their resignations were not voluntary.[2]

35. Mr. Zwarycz became worried following this email that he would be eliminated as well as the oldest member of the Richmond project managers.

36. At least three (3) other older members of the work force were terminated from the Richmond office in April 2020 including David Sutton.

37. Mr. Zwarycz continued to work diligently and effectively even after the forced resignations were announced.

38. In 2020, Mr. Zwarycz produced just as many billable hours as any of the younger project managers in Richmond and generated as much or more income for Defendant as any of the younger project managers.

39. Mr. Zwarcyz, a dedicated employee and team player, mentored the younger employees around him, while at the same time performing more work than he ever had before.

40. Mr. Zwarycz had no complaints regarding his attitude, behavior, or productivity either from his coworkers or Defendant.

41. Defendant, having gotten Mr. Zwarycz to "mentor" the "younger" project managers, decided that, with his knowledge passed on, he should be terminated.

42. Mr. Zwarycz was repaid for his dedication, leadership, and work ethic with discriminatory adverse employment actions from W.M. Jordan.

43. Mr. Zwarycz was targeted by Defendant for termination on account of his age.

---

[2] Mr. Birdsong has also filed a charge of Age Discrimination against W.M. Jordan and subsequent lawsuit, in Newport News (where Mr. Birdsong worked) – Eastern District of Virginia Federal Court.

44. Mr. Zwarycz was treated less favorably than the younger project managers in Richmond and was chosen for termination because of his age.

### *Plaintiff is Terminated on Account of his Age*

45. On June 11, 2020, Mr. Zwarycz was called into the office of Chuck McCarthy (Mr. McCarthy), the Vice President of the Richmond Office by Mr. Zwarycz's direct manager Mark Reilly ("Mr. Reilly").

46. Mr. Reilly had told Mr. Zwarycz that he was being called in to discuss the financials of his current project.

47. Mr. Zwarycz arrived at the office to discover that Mr. Reilly was not present, only Mr. McCarthy and the Vice President of Human Resources, Ken Taylor ("Mr. Taylor") were present.

48. No financials of the current project Mr. Zwarycz was working on were ever discussed.

49. Mr. Taylor informed Mr. Zwarycz that he was being terminated.

50. Mr. Zwarycz asked Mr. Taylor whether he had done anything wrong.

51. Mr. Taylor replied that Mr. Zwarycz was not being discharged on account of any issues with Mr. Zwarycz's behavior or performance.

52. Mr. Taylor informed Mr. Zwarycz that he was being terminated only for "business reasons."

53. Mr. Zwarycz, already wary, noted that "it was interesting that a lot of the older people at the company were being pushed out."

54. Neither Mr. Taylor nor Mr. McCarthy made any attempt to refute this assertion.

55. The "business reason" cited by Mr. Taylor as the reason for Mr. Zwarycz's termination was Defendant's attempts to clear out the oldest members of its workforce, regardless of their productivity level.

56. Mr. Zwarycz was offered a severance upon his departure.

57. Mr. Zwarycz exited the offices and spoke to an administrator in the Richmond Offices to return his equipment.

58. Of note, lest the Defendant attempt to fabricate some false "cause" for Mr. Zwarycz's termination – he was offered a severance package.

***Plaintiff Suffers Significant Financial Losses as a Result of Defendant's Discriminatory Termination***

59. Mr. Zwarycz was unable to find work for two and a half months after his discriminatory termination.

60. Mr. Zwarycz found a new position in August 2020, however, his new position pays 23% less than his position from which he was terminated.

61. Mr. Zwarycz worked up to his position as project manager over the course of a long career and was compensated as such.

62. Mr. Zwarycz's pay and position were built over his entire education and career.

63. Mr. Zwarycz pay reflected the long held roll at W.M. Jordan that he had obtained over time, effort, and the five years that he had spent working diligently for Defendant.

64. Mr. Zwarycz anticipates that he will be unable to find similarly paying work for at least a term of years.

65. Defendant unlawfully and willfully discharged Mr. Zwarycz on account of his age to make room for the younger employees.

66. Mr. Zwarycz's own termination was the result of this discriminatory scheme by Defendant to rid itself of its older employees.

67. Mr. Zwarcyz was not terminated due to a failure in job performance, a decline in dedication, interpersonal issues, or due to financial struggles, he was terminated for one reason alone: because he was the oldest project manager.

68. Defendant terminated Mr. Zwarcyz, and other older employees, from the ranks simply because they were older than their coworkers.

69. With Mr. Zwarycz and others' terminations and forced resignations, Defendant was trying and largely succeeded in systematically and deliberately purging the ranks of their employees of the older, more expensive members.

70. Defendant willfully, deliberately, and in conjunction with an overall scheme, discriminated against Mr. Zwarycz by terminating him on account of his age, in violation of the ADEA.

## COUNT I: AGE DISCRIMINATION

71. Mr. Zwarycz reasserts and affirms the statements made in paragraphs 1-70.

72. The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to discriminate against an employee on account of age. 29 U.S.C. § 623.

73. Per Title 29 of the United States Code, discrimination includes adverse employment actions such as termination on account of age.

74. Under Title 29 of the United States Code, Defendant discriminated against Mr. Zwarycz by terminating him on account of his age.[3]

---

[3] The elements necessary to establish a prima facie case for age discrimination are: "[Plaintiff] (1) was a member of a protected class, i.e., age 40 or older, (2) suffered an adverse employment action, (3) was meeting his employer's expectations at the time of the adverse action, and (4) was replaced by or treated less favorably than someone

75. Mr. Zwarycz is a member of a protected class over the age of forty, specifically Mr. Zwarycz is fifty-seven (57).

76. Mr. Zwarycz was at least seven years older than the next oldest similarly situated project manager in the Richmond Offices and was on average fifteen years older than similarly situated project managers in the Richmond Offices.

77. The age difference between Mr. Zwarycz and the younger project managers provides sufficient inference of age discrimination, even if some of the other younger project managers were over forty years old.[4]

78. Mr. Zwarycz was performing at or above Defendant's expectations for project managers in Richmond.

79. Mr. Zwarycz was billing as many or more billable hours as the younger project managers in Richmond.

80. Mr. Zwarycz was drawing in as much or more income as any of the younger project managers in Richmond.

81. Mr. Zwarycz had no outstanding personal issues with any of the other employees at the Richmond Offices.

82. Mr. Zwarycz was used as a mentor by Defendant for the younger project managers at the Richmond Offices. (*See* **Exhibit A).**

83. Mr. Zwarycz suffered an adverse employment action on account of his age.

---

outside the protected class or someone "substantially younger." Sullivan v. Perdue Farms, Inc., 133 F. Supp. 3d 828, 837 (E.D. Va. 2015).

[4] "There can be no greater inference of *age* discrimination (as opposed to "40 or over" discrimination) when a 40–year–old is replaced by a 39–year–old than when a 56–year–old is replaced by a 40–year–old." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312, 116 S. Ct. 1307, 1310, 134 L. Ed. 2d 433 (1996).

84. Mr. Zwarycz, the oldest Project Manager at the Richmond Office, was terminated on June 11, 2020.

85. Mr. Zwarycz was terminated because of his age.

86. Younger project managers were treated more favorably than Mr. Zwarycz.

87. None of the younger project managers in the Richmond Offices were terminated, despite billing fewer hours, drawing in less income, and performing fewer duties than Mr. Zwarycz.

88. The severance offered to Mr. Zwarycz shows that he was not terminated for cause.

89. Defendant did not need to terminate Mr. Zwarycz for finanicial constraints or lack of work, as their further hires in that time show.

90. Mr. Zwarycz's termination was willfull and deliberate.

91. Defendant purposefully and willfully terminated Mr. Zwarycz on account of his age.

92. Mr. Zwarycz suffered loss of income and benefits as a result od Defendant's discriminatory termination.

93. Mr. Zwarycz has and will continue to have in the future a dimunation of wages as a result of Defendan t's discriminatory.

94. Defendant had been deliberately forcing retirements upon, or terminating, the older employees of its workforce since at least April 2020.

95. Mr. Zwarycz was another older member of Defendant's workforce who was terminated as a part of the Defendant's attempt to get rid of its older workforce.

96. Defendant knowingly and purposefully violated the ADEA by terminating Mr. Zwarycz on account of his age.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgement against the Defendant as follows:

1. Appropriate declaratory relief declaring the acts and practices of Defendant to have been in violation of Mr. Zwarycz's rights as secured by the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.*,;

2. Permanently enjoin Defendant, its assigns, successor, agents, employees, and those acting in concert with them from engaging in discrimination against employees;

3. For appropriate actual damages against Defendant for violations of the Age Discrimination in Employment Act in amounts no less than:

    a. $40,000 in Back Payment of Plaintiff's wages from the time of termination to present (calculated to date of filing); and further for backpayment of Plaintiff's from time of filing onward.

    b. $15,000 in Back Payment of scheduled bonuses and raises Plaintiff.

    c. $20,000 in Payment for loss of benefits such as health insurance, dental insurance, vision insurance, and retirement contributions as a result of Plaintiff's wrongful termination.

    d. $505,000 in Front payment of the loss of income and earning potential, including lost incremental raises and bonuses, suffered by Plaintiff as a result of his unlawful termination for a period of ten years to enable Plaintiff to obtain similarly compensated employment.

4. For appropriate liquidated damages against Defendant for willful violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*,., in amounts equal to damages awarded to Plaintiff for back pay and benefits;

5. For all other wages and benefits lost or denied;

6. For an award to Plaintiff of his reasonable attorney's fees, and costs incurred in this action, together with expert witness fees and expenses;

7. For an award of any additional amounts necessary to offset the adverse tax consequences of an award received in a lump sum;

8. For an award of pre-judgement and post-judgement interest on any monetary award; and

9. For an Order of any other relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

10. Mr. Zwarycz, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury in this action for all claims so triable.

Respectfully Submitted,

AL ZWARYCZ

_____/s/_____
Brandon T. Bybee (VSB# 92140)
William B. Barteau (VSB# 93381)
BRANDON T. BYBEE, P.L.C.
P.O. Box 9528
Norfolk, VA 23505
Tel: (757) 568-0090
Fax: (866) 568-0090
brandon@bybeelegal.com
william@bybeelegal.com
*Counsel for Plaintiff*